Mr. Justice Huger
delivered the opinion of the court:
In this case, these questions have been made.
1st. Whether the declarations of the second were admissible ?
2d. Whether the duelling act embraces within its prohibition the principals in a duel and challenge ?
3d. Whether the act he constitutional or not?
'Of these, the two first have been before decided by this court. In the case of the State vs. Taylor, it was ruled fbat the declarations of the second were admissible. And *336 in the case of the State vs. Strickland, the defehdant3 who was indicted under the act of, 1812, for giving a challenge, was convicted, and appealed, and the appeal was dismissed. Several other cases have occurred. In all, the principal has been regarded as embraced within the sanction of the act. Were -the phraseology of the act even less perspicuous than it is, I should be unwilling now, in opposition to those cases, to give it the construction contended for by the appellant’s counsel. On the two. first grounds, therefore, the appellant must fail. Whether that provision of the act which disqualifies a convicted offender against the act, from holding any office of honor, profit or trust, or of exercising any trade, profession or calling, be constitutional or not, is quite unimportant in the present case. The disqualification is not a part of the sentence of the court, no more so, than in a case of puijury, is it a part of the sentence that the defendant be forever disqualified from giving testimony in a court of justice. In both cases, the disqualification is a legal disability resulting from the conviction, and can only be tested, when in the one case, the offender shall be offered as a witness, and in the other an attempt shall be made to exercise a calling, practice or profession, or hold an office.
The motion must therefore be dismissed.
Justices Johnson, Colcoclc, Richardson and Noti, conk, ettrred.